KM

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tamika Hayson, as next friend of Maurice Carter,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County, et al.,<br><br>Defendants. | No. CV-25-03402-PHX-JAT (JZB)<br><br>**ORDER** |

On September 16, 2025, self-represented Plaintiff Tamika Hayson filed an Application to Proceed In District Court without Prepaying Fees and Costs (Doc. 2) and a civil rights Complaint as a purported "next friend" of Maurice Carter. The Court will dismiss the Complaint.

Ms. Hayson is not an attorney. Although a non-attorney may appear *in propria persona* in her own behalf, that privilege is personal to her. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (citing *C.E.Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). Similarly, a "'plaintiff generally must assert his own legal rights and interests, and cannot assert the legal rights or interests of third parties.'" *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 610 (9th Cir. 2005) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

Further, to the extent Ms. Hayson intends to invoke "next friend" standing to file this Complaint on Mr. Carter's behalf, she has failed to make the necessary showing.

"'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

> In order to establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner.

*Coalition of Clergy v. Bush*, 310 F.3d 1153, 1159–60 (9th Cir. 2002) (quoting *Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001).

Ms. Hayson has made no effort to carry her burden of establishing the propriety of her status as "next friend." Ms. Hayson sets forth no reason why Mr. Carter cannot appear on his own behalf and prosecute this action, nor does she discuss whether she is truly dedicated to the best interests of Mr. Carter. Accordingly, Ms. Hayson does not have standing to proceed as "next friend" of Mr. Carter, and the Court will dismiss the Complaint and this action for lack of jurisdiction.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In District Court without Prepaying Fees or Costs (Doc. 2) is **denied** as moot.

(2) The Complaint (Doc. 1) and this action are **dismissed without prejudice** for lack of jurisdiction. The Clerk of Court must close this case and enter judgment.

Dated this 22nd day of October, 2025.

James A. Teilborg
Senior United States District Judge